LAWRANCE A. BOHM (SBN: 208716)
MARIA E. MINNEY (SBN: 289131)
BOHM LAW GROUP
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834
Telephone: (916) 927-5574
Facsimile: (916) 927-2046
Email: lbohm@bohmlaw.com
       mminney@bohmlaw.com

ROBERT L. BOUCHER (SBN: 244760)
BOUCHER LAW
2121 Natomas Crossing Drive, Suite 200-239
Sacramento, California 95834
Telephone: 916-974-9756
Email: robert@boucher-law.com

Attorneys for Plaintiff
JOHN CAPPELANO

JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
DOUGLAS M. EGBERT (SBN 265062)
801 K Street, Suite 2300
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: burnettec@jacksonlewis.com
       egbertd@jacksonlewis.com

Attorneys for Defendant
U.S. BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOHN CAPPELANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK, N.A.; and DOES 1 through 100, inclusive<br><br>　　　　Defendants. | Case No. 2:15-CV-01879-TLN-CKD<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br><br>Complaint Filed:  07/15/2015<br>Trial Date:　　　　01/08/2018 |

1

The parties to the above-captioned matter ("Action") will propound discovery and take depositions throughout this Action. They anticipate that certain responsive materials will contain private, confidential and/or proprietary information. This information may include, but is not limited to, personnel or other consumer records (including education and employment records), financial information, banking records, investment trade records, customer lists, contracts, business protocols, private business/transactional information, trade secrets, and other information not otherwise available to the public or between parties ("Protected Information"). To protect the confidentiality of this information, both parties stipulate as follows and request the Court to issue a protective order containing the terms specified herein, pursuant to Federal Rule of Civil Procedure 26 and U.S. District Court, Eastern District of California, Local Rules 141.1 and 143.

## I.   USE OF CONFIDENTIAL INFORMATION AND MATERIALS IN DISCOVERY

**A.   Designated Material:** During discovery in this Action, whether done by formal or informal means, any information or materials within the scope of Federal Rules of Civil Procedure 26 through 27, including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory responses, responses to requests for admission, subpoenaed records and other written, recorded, electronic or graphic materials, may be designated as confidential, as provided herein, by the person or entity producing, submitting, filing or lodging it, or by any party to this Action (the "Designator"). A Designator may only designate information and material confidential when the Designator has a good faith belief that it contains Protected Information subject to protection under Federal Rule of Civil Procedure 26(c) and U.S. District Court, Eastern District of California, Local Rule 141.1. Information covered by this provision shall be referred to in this stipulation and order ("Stipulation") as "Designated Material." Designated Material shall be used only in connection with the litigation among the parties. Should privileged material be produced inadvertently as Designated Material, it is agreed that such production shall not be deemed to be a waiver of any applicable privilege.

**B.     Access to Designated Material:** Except with the prior written consent of both parties to this Action or a prior Court order, parties may only disclose or produce copies of Designated Material to the following persons or entities:

(1)     parties to this Action and their officers, directors and/or current employees;

(2)     persons previously employed by U.S. Bank, N.A. as of the date the material at issue was created, and who had access to the material in the course and scope of their duties;

(3)     the parties' counsel in this Action, including in-house counsel and such counsel's legal associates, paralegals, secretaries, office staffs and agents;

(4)     independent experts or consultants and their staffs who are retained to assist counsel in this Action, provided such experts or consultants shall, prior to any disclosure, execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A;

(5)     third parties retained by counsel in this Action for purposes of copying, computer coding or providing other document processing services;

(6)     court personnel in this Action, including court reporters and court officers, and subject to the terms set forth in section II of this Stipulation where applicable;

(7)     any witness shown the materials during a deposition in this Action;

(8)     any witness (other than persons described in paragraph I.B.(7), provided they first execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A; and,

(9)     any person who appears as an author, addressee or recipient on the face of the materials at issue.

In addition to the foregoing, U.S. Bank, N.A. may disclose materials it has designated as confidential (in the manner specified in section I.C below) to its customers, vendors, affiliates, agents, and persons or entities of any kind as needed for business or legal purposes.

**C.     Designating Discovery Documents and Materials:**

(1)     Designated Material disclosed in discovery must be marked "CONFIDENTIAL" by the Designator. Where a document or response consists of more than one page, the first page and each page or the portion thereof on which confidential information appears shall be so

3

marked.  If an entire document is confidential, the document may be designated by stamping the front page of the document "CONFIDENTIAL INFORMATION – ENTIRE DOCUMENT."

      (2)    In the case of materials produced by a non-party, any party may obtain a written stipulation from all parties, or seek a protective order, to designate such materials confidential and subject to the terms of this Stipulation. It is hereby stipulated and agreed to by the parties that any documents produced in response to U.S. Bank, N.A.'s subpoenas for John Cappelano's employment and education records are confidential and should be treated as Designated Material by the parties.

**D.**     **Designating Deposition Transcripts and Exhibits:**

      (1)    Deposition transcripts or portions thereof may be designated as confidential either:

           (a)    at the deposition itself and by request of any party, or

           (b)    by captioned written notice to the reporter, and all counsel of record, given within 20 calendar days following notice from the reporter that the transcript is available for review.  When such notice is served, all noticed counsel shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as "CONFIDENTIAL."  Until the 20 calendar days provided for in this paragraph expire, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

      (2)    Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

      (3)    Where deposition testimony is expected to be designated confidential, the Designator may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph I.B of this Stipulation.

**E.**     **Copies of Designated Material:**  Copies of Designated Material may only be made by or for persons and entities identified in paragraph I.B, provided all copies are appropriately marked "CONFIDENTIAL."

4

## II.  USE OF CONFIDENTIAL INFORMATION AND MATERIALS IN COURT

**A.  Procedures for Submitting Records to the Court:**

(1) When lodging and/or filing any Designated Material, or offering it for admission as evidence (including at trial), a non-Designator shall submit the Designated Material in a manner compliant with U.S. District Court, Eastern District of California, Local Rule 141.  No party shall oppose a request to seal Designated Material made pursuant to Local Rule 141.  Nothing herein: (a) shall preclude a Designator from lodging and/or filing any material it/she designated, or from offering such material for admission as evidence (including at trial) without limitation or restriction of any kind and as permitted by law; and (b) doing so, shall not constitute a breach of this Stipulation or waiver as to the use of any other Designated Material.

(2) The Court's denial of a request to seal shall not bar use of the Designated Material or the offering of it for admission as evidence in connection with any motion, proceeding or trial in this matter.  Using or offering as evidence any Designated Material the Court has refused to seal shall not constitute a breach of this Stipulation.

(3) Notwithstanding paragraph II.A(1) above, upon written stipulation of all parties, a non-Designator may lodge and/or file and/or offer Designated Material for admission as evidence without a seal in connection with any motion, proceeding or trial in this matter.  Using or offering Designated Material in evidence without a seal and by written stipulation shall not constitute a breach of this Stipulation.

## III.  MISCELLANEOUS PROVISIONS

**A.  Subpoenas for Designated Material:** If any person or entity subject to this Stipulation receives a subpoena for production of Designated Material, such person or entity shall promptly notify all counsel in this Action.  Upon receipt of such notice, the Designator may object in writing.  The person or entity receiving the subpoena shall not produce any Designated Material in response to the subpoena: (1) without the prior written consent of the Designator; (2) while a motion for protective order is pending; or (3) until the last day allowed for production where no motion for protective order is filed.  It is hereby stipulated and agreed to by the parties that any

documents produced in response to U.S. Bank, N.A.'s subpoenas for John Cappelano's employment and education records are confidential and should be treated as Designated Material by the parties.

**B.     Objections:** A party may challenge the propriety of any designation under this Stipulation within 30 calendar days of the designation.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material at issue, state the basis for each challenge and propose a new designation for each item.  The parties shall have seven calendar days after service of an objection to meet and confer and attempt resolution of the challenged designation ("Meet and Confer Period").  The material at issue shall be deemed re-designated as proposed by the challenging party unless, within 10 court days after expiration of the Meet and Confer Period, the Designator has filed and served a motion for a protective order to maintain the original designation, or to establish other confidentiality protections. Notwithstanding any challenge to the designation of material as confidential, all documents shall be treated as such and shall be subject to the provisions of this Stipulation unless and until one of the following occurs:

(1)     the party or non-party who claims the material is confidential withdraws such designation in writing; or

(2)     the party or non-party who claims the material is confidential fails to timely apply to the Court for an order designating it as such as provided in this paragraph above; or

(3)     the Court rules the material is not confidential.

**C.     No Prejudice:**

(1)     Nothing in this Stipulation shall preclude any party from seeking and obtaining additional or different protection permitted by law with respect to the confidentiality of any information or material.

(2)     This Stipulation shall not diminish any existing obligation or right with respect to Designated Material.

(3)     The parties shall make best efforts to assert any claims of confidentiality prior to, or at the time when, responsive discovery is disclosed.  The production of materials by any party

6

shall be without prejudice to any claim by the producing party that such material should have been designated as confidential.

(4) A party may assert a claim of confidentiality in writing and with particularity within a reasonable time after learning of an inadvertent or mistaken disclosure. The materials at issue shall then be treated as if the claim were made prior to disclosure. If within a reasonable time after documents are inadvertently or mistakenly disclosed the producing party asserts a claim that such documents are confidential, the receiving parties shall take prompt steps to ensure all known copies of the documents are promptly returned to the producing party for designation. After designation, the producing party shall promptly return copies to each of the receiving parties. The receiving parties may thereafter contest the claim of confidentiality as set forth herein.

**D.     Final Disposition:**  Upon final termination of this Action, and at the written request of the Designator, all Designated Material and all copies thereof shall, within 30 days of such request be: (1) returned to counsel for the party or non-party that produced the material; or (2) destroyed. Notwithstanding this paragraph, counsel for the parties may retain pleadings, correspondence, attorney and consultant work product, and deposition transcripts and exhibits for archival purposes.

**E.     Improper Disclosure:**

(1) The parties and their counsel are required to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation. If Designated Material submitted in accordance with the terms of this Stipulation is disclosed to any person or entity other than in the manner authorized by the terms herein, the party and/or person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all uninvolved parties and, without prejudice to any other rights under this Stipulation, make every effort to prevent further disclosures by the persons or entities to whom the information was disclosed.

(2) The parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party. Therefore, in the event of any breach or

threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or as otherwise allowed by law or equity. The decision by a non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach. A non-breaching party seeking or obtaining relief under this provision shall not constitute a waiver or release of any other rights or remedies available to such party.

**F.    Survival:** The binding effect of this Stipulation shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation.

Date: February __, 2016                    BOHM LAW GROUP
                                           BOUCHER LAW


                                           By:_____
                                                Lawrence A. Bohm
                                                Maria E. Minney
                                                Robert L. Boucher

                                           Attorneys for Plaintiff
                                           JOHN CAPPELANO


Date: February __, 2016                    JACKSON LEWIS P.C.


                                           By:_____
                                                Carolyn G. Burnette
                                                Douglas M. Egbert

                                           Attorneys for Defendant
                                           U.S. BANK, N.A.

**ORDER**

The terms of this Stipulation and Protective Order are hereby approved and adopted.

**IT IS SO ORDERED.**

Dated: March 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1  LAWRANCE A. BOHM (SBN: 208716)
   MARIA E. MINNEY (SBN: 289131)
2  BOHM LAW GROUP
   4600 Northgate Boulevard, Suite 210
3  Sacramento, California 95834
   Telephone: (916) 927-5574
4  Facsimile: (916) 927-2046
   Email: lbohm@bohmlaw.com
5          mminney@bohmlaw.com

6  ROBERT L. BOUCHER (SBN: 244760)
   BOUCHER LAW
7  2121 Natomas Crossing Drive, Suite 200-239
   Sacramento, California 95834
8  Telephone: 916-974-9756
   Email: robert@boucher-law.com
9
   Attorneys for Plaintiff
10 JOHN CAPPELANO

11 JACKSON LEWIS P.C.
   CAROLYN G. BURNETTE (SBN 191294)
12 DOUGLAS M. EGBERT (SBN 265062)
   801 K Street, Suite 2300
13 Sacramento, California 95814
   Telephone: (916) 341-0404
14 Facsimile: (916) 341-0141
   Email: burnettec@jacksonlewis.com
15         egbertd@jacksonlewis.com

16 Attorneys for Defendant
   U.S. BANK, N.A.
17
                    IN THE UNITED STATES DISTRICT COURT
18
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
19
                              SACRAMENTO DIVISION
20

| | |
|---|---|
| 21  JOHN CAPPELANO, | Case No. 2:15-CV-01879-TLN-CKD |
| 22         Plaintiff, | **STIPULATION AND PROTECTIVE ORDER – EXHIBIT A** |
| 23     v. | |
| 24  U.S. BANK, N.A.; and DOES 1 through 100, inclusive | |
| 25  | Complaint Filed: 07/15/2015 |
|     Defendants. | Trial Date:       01/08/2018 |
| 26 | |

27

28

9

1. My name is _____. My current work or home (circle one) address is _____.

2. I have received and read a copy of the Stipulation and Protective Order ("Order") entered in this action. I understand the provisions of the Order and agree to comply with and be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms of the Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20___, at _____,
(City)
_____.
(State)

_____
(Signature)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof of Service